IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ERWIN DIBRELL, PRO SE, <br> TDCJ-CID No. 1768096, <br><br> Plaintiff, <br><br> v. <br><br> KEITH GENTRY, Warden; J. MILBERN, <br> Assistant Warden; MAJOR FNU SEYMOUR; <br> MIS P. GRANAT, Classification; <br> P. PRECIADO, Building Captain; and <br> A. CARRERON, Disciplinary Captain, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § 2:17-CV-0019 <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

**ORDER DENYING PAUPER STATUS AND ORDER OF DISMISSAL**

Plaintiff ERWIN DIBRELL, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants. Plaintiff has not submitted an application to proceed in forma pauperis. The Court waives the requirement that plaintiff submit an application to proceed in forma pauperis, as it would not affect the outcome of this case.

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner who has had three prior civil actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in Title 28, United States Code, section 1915(g). A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the

i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The Court notes that plaintiff DIBRELL has sustained at least three dismissals which fulfill the "three strikes" provision of the PLRA. Cause No. 6:13-CV-0131 was dismissed by the United States District Court for the Western District of Texas, Waco Division, on May 23, 2014, for failure to state a claim upon which relief can be granted, and no appeal was taken; Cause No. 2:15-CV-0346 was dismissed by the United States District Court for the Northern District of Texas, Amarillo Division, on January 13, 2016, for frivolousness, and no appeal was taken; Cause No. 2:16-CV-0029 was dismissed for frivolousness and for failure to state a claim on which relief can be granted by the United States District Court for the Northern District of Texas, Amarillo Division, on April 21, 2016, and no appeal was taken.

Pursuant to Title 28, United States Code, section 1915(g), the Court FINDS plaintiff ERWIN DIBRELL may not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in Title 28, United States Code, section 1915 (g). Even if this cause were accompanied by the necessary motion, the grounds presented in the instant suit do not fall within the statutory exception. Plaintiff has alleged no fact fulfilling the statutory exception as construed by the Fifth Circuit. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

## CONCLUSION

For the reasons set forth above, plaintiff's motion to proceed in forma pauperis is DENIED.

     The instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

     LET JUDGMENT BE ENTERED ACCORDINGLY.

     All pending motions are DENIED.

     It is SO ORDERED.

Signed this the _____9th_____ day of February, 2017.


_____
MARY LOU ROBINSON
United States District Judge